# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>MARTHA PORCALLO-MARTINEZ<br><br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)<br>)         2:25-MJ-109<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 12, 2025__ in the county of __Lake__ in the __Northern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8 U.S.C. § 1326(a) | Reentry of Removed Alien |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*/s/ J. Hines*
Complainant's signature

SA Jason Hines, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 06/12/2025

s/Andrew P. Rodovich
Judge's signature

City and state: Hammond, IN

Hon. Andrew P. Rodovich, U.S. Magistrate Judge
Printed name and title

Case No. 2:25-MJ-109

# **AFFIDAVIT**

I, JASON HINES, being duly sworn, state as follows:

1.  I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed for approximately fifteen years. I work in conjunction with other law enforcement agencies in reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously removed aliens.

2.  This affidavit is submitted in support of a criminal complaint alleging that MARTHA PORCALLO-MARTINEZ, has violated Title 8, United States Code, Section 1326(a), Reentry of Removed Alien, by being present and found in the United States after having been deported or removed to Mexico. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging PORCALLO-MARTINEZ with Reentry of Removed Alien, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that PORCALLO-MARTINEZ committed the offense stated in the complaint.

3.  This affidavit is based on my personal knowledge; information provided to me by other law enforcement agents and officers and by other persons identified in this affidavit; and my review of records maintained by

1

U.S. Immigration and Customs Enforcement ("ICE"), other components of the Department of Homeland Security ("DHS"), and other government agencies.

4. According to DHS records, PORCALLO-MARTINEZ is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that PORCALLO-MARTINEZ was born in Mexico in or around 1976 and originally entered the United States without inspection on an unknown date.

5. DHS records indicate PORCALLO-MARTINEZ was, on or about February 19, 2002, shortly after midnight, encountered by Immigration Inspectors at or near El Paso, Texas. PORCALLO-MARTINEZ attempted to enter the U.S. using another individual's immigration documents (Ana Xochitl Quezada-Vega). PORCALLO-MARTINEZ was served a Notice and Order of Expedited Removal and removed to Mexico on or about February 19, 2002.

6. On or about February 19, 2002, at approximately 2:00 p.m., Immigration Inspectors again encountered PORCALLO-MARTINEZ at or near El Paso, Texas. PORCALLO-MARTINEZ attempted to enter the U.S. using another individual's immigration documents (Maria Isabel Aguilar-Martinez). PORCALLO-MARTINEZ was served a Notice and Order of Expedited Removal.

7. PORCALLO-MARTINEZ was, on or about February 21, 2002, convicted in the United States District Court for the Western District of Texas, El Paso Division, for knowingly possessing an identification document, not issued to defendant, with the intent that such document be used to defraud the United States, in violation of Title 18, United States Code, Section 1028(a)(4). PORCALLO-MARTINEZ was sentenced to three years' probation in case number 3.02-mj-00491-MSM-1.

8. PORCALLO-MARTINEZ was removed to Mexico on or about February 23, 2002.

9. PORCALLO-MARTINEZ was, on or about June 17, 2021, arrested by U.S. Immigration and Customs Enforcement in East Chicago, Indiana. PORCALLO-MARTINEZ's removal order was reinstated, and PORCALLO-MARTINEZ was removed to Mexico on or about June 25, 2021.

10. Additionally, DHS records indicate PORCALLO-MARTINEZ was apprehended by U.S. Border Patrol three times in July and August 2021 and returned to Mexico.

11. Furthermore, DHS records reflect that PORCALLO-MARTINEZ has not applied for or received permission to reenter the United States after her last removal.

12. In November 2024, the HSI Tipline received an anonymous report indicating PORCALLO-MARTINEZ was previously deported and illegally

3

reentered the United States. The tipster provided an address for PORCALLO-MARTINEZ in East Chicago, Indiana.

13. On or about February 2, 2025, an immigration enforcement subpoena (HSI-CH-2025-030621-001) was issued to Comcast requesting subscriber and account information for any Comcast accounts associated with a suspected residence for PORCALLO-MARTINEZ in East Chicago, Indiana. On or about February 11, 2025, Comcast provided a response to the subpoena under Comcast file number LCR970723. The response indicated an active Comcast internet account for PORCALLO-MARTINEZ at the residence.

14. Property records provided by the Lake County (Indiana) Recorder and Lake County (Indiana) Treasurer, in response to grand jury subpoenas, indicated the suspected residence for PORCALLO-MARTINEZ in East Chicago, Indiana was transferred to PORCALLO-MARTINEZ and another individual in December 2021.

15. Based on the foregoing, and other investigative findings, U.S. Magistrate Judge Andrew P. Rodovich, in the Northern District of Indiana, signed a search warrant (case number 2:25-MJ-102) on June 4, 2025, authorizing a search of PORCALLO-MARTINEZ's residence in East Chicago, Indiana.

16. On June 12, 2025, law enforcement executed the search warrant at PORCALLO-MARTINEZ's residence in East Chicago, Indiana.

Case No. 2:25-MJ-109

PORCALLO-MARTINEZ was located at the residence and arrested based on probable cause she committed the offense of Reentry of Removed Alien. PORCALLO-MARTINEZ was transported to the Porter County Jail for further processing.

17. After her arrest, PORCALLO-MARTINEZ was fingerprinted at the Porter County Jail on June 12, 2025. A review of PORCALLO-MARTINEZ's criminal history, received in response to the fingerprint inquiry and maintained by the Federal Bureau of Investigation, indicated the person arrested on June 12, 2025, in East Chicago, Indiana, matched the person removed in 2002 and 2021.

18. Based upon the foregoing, I respectfully submit that there is probable cause to believe that PORCALLO-MARTINEZ, being an alien who previously had been deported and removed from the United States on or about February 19, 2002, February 23, 2002, and June 25, 2021, was present and found in the United States without previously having obtained the express consent of the United States Attorney General, and at any time after February 28, 2003, the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

5

Case No. 2:25-MJ-109

FURTHER AFFIANT SAYETH NOT.

*J. Hines*
JASON HINES
Special Agent
Homeland Security Investigations

Subscribed and sworn to me by telephone and transmission of this affidavit by reliable electronic means, to wit, email, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this 12th day of June, 2025.

s/Andrew P. Rodovich
_____
HONORABLE ANDREW P. RODOVICH
UNITED STATES MAGISTRATE JUDGE

6